**In the Matter of a Subpoena served on FORBES MAGAZINE.**

**MONTEZUMA REALTY CORP. et al., Plaintiffs,**

v.

**OCCIDENTAL PETROLEUM CORP. et al., Defendants.**

**Civ. No. M8–85.**

United States District Court,
S.D. New York.

July 7, 1980.

———————

Donald R. Lomax, Kaplan, Kilsheimer & Foley, New York City, for Montezuma Realty, plaintiff.

Philip Westbrook, O'Melvany & Myers, Los Angeles, Cal., for defendant, Occidental Petroleum.

Tennyson Schad, New York City, for Forbes Magazine.

## MEMORANDUM ORDER

LEVAL, District Judge.

These are cross-motions seeking respectively the enforcement and the quashing of subpoenae served by the plaintiff in a securities class action on *Forbes Magazine* and on a reporter seeking the sources of a published news item.

Montezuma Realty Corp. (the "plaintiffs") brought an action in 1974 in the Central District of California against Occidental Petroleum Corp. alleging, *inter alia*, that Occidental violated the federal securities laws by its failure to disclose in its public filings that it was speculating in the oil tanker market in 1970–71. In the April 28, 1980 issue of *Forbes Magazine*, an article written by James Cook contained the following language regarding Dr. Armand Hammer, chairman of the defendant Occidental Petroleum:

> During the Libyan crisis, Hammer had put the company at risk in still other ways—by leasing a vastly expanded "emergency" oil tanker fleet. At the time, Hammer seemed to suggest the tankers were going to be needed for replacement oil in the event of a Libyan shutdown, but these days he maintains that Oxy was speculating on an increase in world tanker prices.

The plaintiffs seek enforcement of subpoena *duces tecum* and *ad testificandum* served upon Cook and *Forbes Magazine*. Forbes moves for an order quashing the subpoenae. For the reasons stated below, the motion to quash is granted.

The plaintiffs seek to depose Cook to discover the source for his statement "these days [Hammer] maintains that Oxy was speculating in world tanker prices." The plaintiffs contend that identification of the source of that information could ultimately constitute or lead to evidence supporting their claim that Occidental was speculating in the oil tanker market, and material with which to impeach the Occidental executives who have denied that such speculation was going on. The plaintiffs contend that the focus of their inquiry is narrow, and that they have exhausted alternate means of obtaining the information.

*Forbes* contends that the plaintiffs' subpoenae represent an unwarranted incursion into the freedom of the press and the values served by the First Amendment. I agree.

In *Branzburg v. Hayes*, 408 U.S. 665, 710, 92 S.Ct. 2646, 2671, 33 L.Ed.2d 626 (1972), the Supreme Court directed that lower courts strike the balance between the First Amendment interest and the "obligation of all citizens to give relevant testimony with respect to criminal conduct. . . . on a case-by-case basis . . . ." In *Baker v. F & F Investments*, 470 F.2d 778, 785 (2d Cir. 1972), the Second Circuit applied the balancing test outlined in *Branzburg v. Hayes* to a subpoena of a non-party journalist in a civil action. The Court of Appeals directed consideration of the nature of the suit in which discovery was being sought, 470 F.2d at 783, 785; the extent to which the information sought went "to the heart of the claim" of the party seeking discovery, *see Garland v. Torre*, 259 F.2d 545, 549 (2d Cir.), *cert. denied*, 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231 (1958); whether the party seeking discovery had exhausted other sources for the information in question; and, the impact on First Amendment interests. *See generally In Re Consumers Union*, 4 Med.L.Rptr. 2119 (S.D.N.Y. 1978).

Applying the criteria outlined in *Baker* to the facts of the instant case, I find that the balance here is decidedly in favor of quashing the subpoena in protection of the First Amendment interests.

Although a notice of deposition would normally require the party served at least to appear, raise objections where they seem warranted, and respond to whatever matters are not objected to, in this case the plaintiffs' counsel acknowledged at argument that the sole purpose of both subpoenae was to discover the source of the report that Hammer now "maintains Oxy was speculating . . . ." Plaintiffs contend that somehow the incursion into First Amendment interests represented by this inquiry is mitigated by the possibility that the source for the author's statement was Hammer, who has already admitted that he spoke to the author of the article.

Hammer has denied that he was the source for the author's statement. I do not agree with plaintiffs' contention that the phrase "these days Hammer maintains" represents a waiver of confidentiality on the part of the publication. The publication certainly does not quote Hammer as having said this to the reporter. The reporter's basis for the report is left to conjecture. The subpoenae in question seek to discover a journalist's confidential source. Enforcement of such subpoenae would undermine the values served by a journalist's "ability to secure information that is made available to him only on a confidential basis . . ." *See Baker v. F & F Investment, supra*, 470 F.2d at 782.

I do not find that the societal interest represented by the plaintiffs' cause of action and served by compelling the reporter's testimony here approaches the societal interest in disclosure noted in *Branzburg v. Hayes, supra*. Additionally, I do not find that the discovery sought goes to the heart of the plaintiffs' claim, at least not within the contemplation of *Garland v. Torre, supra*. Whoever was the source of this report, *i.e.*, even if it was Hammer's own statement and admissible directly against the corporation as evidence in chief, neither the statement nor the publication of the statement is itself the wrong or the event upon which the plaintiffs' cause of action is based. *Compare Garland v. Torre, supra*. Plaintiffs seek discovery of the source because attribution of the statement in the article could lead the plaintiffs to evidence favorable to their five-year old private civil action for damages brought under the securities laws. *Compare Branzburg v. Hayes, supra*.

Finally, I do not find that the plaintiffs have exhausted all possible alternative means of discovering the information sought. The plaintiffs have deposed only Hammer on the issue of who was the source of Cook's assertion; they have not asked the same information of other Occidental executives.

Under the circumstances, I find that the balance of interests implicated by the plain-

tiffs' subpoenae favors protection of the author's source. The ability of a reporter or news publication to gather information in confidence and to sift and edit privately without being subject to governmental or court orders of disclosure is an important facet of the ability of the press to learn and publish news. It should not be overridden without compelling reason. No such reasons appear here.

*Forbes Magazine*'s motion to quash the subpoenae *duces tecum* and *ad testificandum* is granted.

So ordered.